UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE


<u>United States of America</u>

    v.                        Criminal No. 10-cr-100-01-SM

<u>John Mobley</u>


<u>Order</u>


    Re: Document No. 21, Motion to Amend Judgment pursuant to Rule 35(a)

    Ruling: Granted. Although the imposed sentence, to incarceration for a period of 6 months, was not the product of arithmetical or other clear error (See Fed. R. Cr. P. 35(a)), and was intended as announced (the bottom of the advisory Guideline Sentencing Range being the appropriate sentence under all the circumstances), counsel for the defendant advises by motion that the Bureau of Prisons will not calculate pretrial official detention credit in a timely manner, perhaps not for an "indeterminate" period. As defendant has been held in official detention beyond the sentence imposed, he moves to amend the judgment to provide for a time-served sentence to facilitate timely release from incarceration. Credit for time spent in official detention prior to imposition of sentence may be awarded by the

court 18 U. S. C. Section 3585(b). United States v. Zackular, 945 F.2d 423 (1st Cir. 1991). But, administratively, the most effective means of achieving the same result is to amend the sentence by effectively increasing it. Since defendant so moves, he cannot be heard to complain that the amended judgement imposes a sentence more severe than that imposed originally. Amending the judgment in the manner requested loosely qualifies as a correction of a "technical" nature, in that it avoids any substantial administrative delay in obtaining credit by the Bureau of Prisons, credit to which defendant is unarguably entitled. Accordingly, the judgment, not yet entered, will reflect a sentence to time-served. Upon entry of judgment defendant shall be released after administrative processing to the period of supervised release imposed.

    So Ordered.

February 1, 2011

_____
Chief Judge Steven McAuliffe

cc:  Jonathan Saxe, Esq.
     Alfred J.T. Rubega, Esq.